# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRRELL L.S. BEN-AVI,<br><br>                          Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                         Defendant. | Case No. 23-cv-1317-BAS-BGS<br><br>**ORDER:**<br><br>**1. GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND**<br><br>**2. SCREENING PURSUANT TO 28 U.S.C. § 1915(E)** |

Plaintiff Tyrrell L.S. Ben-Avi, proceeding pro se, files this action against Defendant Experian Information Solutions, Inc. alleging violations of the Fair Credit Reporting Act ("FCRA"). (Compl. 5, ECF No. 1.) Plaintiff also files an application seeking leave to proceed without prepaying fees or costs, also known as proceeding in forma pauperis ("IFP"). (IFP Mot., ECF No. 2.) For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed IFP. (ECF No. 2.) Under 28 U.S.C. § 1915(e)(2)(B), the Court also has a duty to screen Plaintiff's claims *sua sponte*. For the following reasons, the Court concludes Plaintiff's Complaint clears the "low threshold" of *sua sponte* screening.

I.   APPLICATION FOR LEAVE TO PROCEED IFP

Under 28 U.S.C. § 1915, an indigent litigant who is unable to pay the fees required to commence a legal action may petition a court to proceed without making such prepayment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Olivares v. Marshall*, 59 F.3d 109, 111–12 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that he meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff has no income, $85.00 in cash, $111.59 in a checking account, and no other significant assets. (IFP Mot. ¶¶ 1, 4, 5.) He

lists monthly expenses totaling $5,365.00. (*Id.* ¶¶ 1, 8.) He also represents that he was previously self-employed, but due to a "major illness," his business has "been on pause" during his recovery. (*Id.* ¶ 11.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Accordingly, the Court **GRANTS** Plaintiff's application to proceed IFP.

## II.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the complaint "fails to state a claim on which relief may be granted." "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences in favor of the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In his Complaint, Plaintiff alleges that, from January 2021 until July 2023, Defendant negligently and willfully violated the FCRA. (Compl. 1.) Inaccuracies in his credit report have negatively affected his credit score, which has harmed his professional and personal life. (*Id.*) Accordingly, Plaintiff requests injunctive relief, compensatory damages, and punitive damages under the FCRA. (*Id.*)

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v.*

*Burr*, 551 U.S. 47, 52 (2007)). The statute prohibits the inclusion of certain information in consumer credit reports and mandates procedural safeguards. *Id.* §§ 1681c-1(a)(1), 1681i(a). For instance, "[u]nder § 1681i of the FCRA, a [credit reporting agency] must conduct a reasonable reinvestigation when a consumer disputes the accuracy of her credit report and she contacts the [credit reporting agency] directly with her dispute." *Hamm v. Equifax Info. Servs. LLC*, No. CV-17-03821-PHX-JJT, 2018 WL 3548759, at *4 (D. Ariz. July 24, 2018). The FCRA provides for private causes of action for negligent and willful noncompliance with these requirements. 15 U.S.C. §§ 1681n, 1681o. "For the purpose of a motion to dismiss, courts have held that a plaintiff states a claim under § 1681i when she alleges: (1) that her credit report contained an inaccuracy; (2) that she notified the [credit reporting agency] of her dispute and requested a reinvestigation; and (3) that the [credit reporting agency] did not remove the inaccuracy." *Hamm*, 2018 WL 3548759, at *4. Moreover, courts have concluded that "general allegations are sufficient to maintain a claim for willful violations of the FCRA." *Barrios v. Equifax Information Services, LLC*, No. CV 19-5009 PSG (JEMx), 2019 WL 7905897, at *5–6 (C.D. Cal. Oct. 28, 2019) (collecting cases).

Here, Plaintiff adequately pleads the elements of a FCRA claim and Defendant's willfulness. He alleges Defendant listed incorrect information in his credit report that detrimentally affected his credit score. (Compl. 5.) Namely, in his credit report, he noticed trade lines, identification information, and credit accounts that do not belong to him. (*Id.*) Plaintiff then attempted to communicate with Defendant via email, letter, and telephone, but all contact attempts were ignored. (*Id.*) As a result, the inaccuracies in his credit report persisted through the filing of his Complaint. (*Id.*) These allegations satisfy the elements of a Section 1681i claim. In addition, Plaintiff's general allegations of willfulness are sufficient at the pleading stage. *See Hamm*, 2018 WL 3548759, at *5 ("Because Plaintiff may allege conditions of the mind generally, Plaintiff's allegations are sufficient to survive Defendant's [motion to dismiss]."). Thus, the Complaint plausibly alleges a FCRA claim

sufficient to meet the "low threshold" for proceeding past screening. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

## III. CONCLUSION

In light of the foregoing, the Court:

1. **GRANTS** Plaintiff's application to proceed IFP (ECF No. 2).

2. **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and to forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Plaintiff with certified copies of this Order, his Complaint, and the summons so that he may serve Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, include an address where service upon Defendant is to be made, *see* S.D. Cal. CivLR 4.1(c), and return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP Package.

3. **ORDERS** the USMS to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on the U.S. Marshal Form 285 and to promptly file proof of that service, or proof of any attempt at service, with the Clerk of Court. *See* S.D. Cal. CivLR 5.2. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Plaintiff to serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff must also include with the original filing with the Clerk of the Court a certificate stating the manner in which a true and correct copy of the filing was also served on Defendant, or counsel for Defendant, and the date of such service. Any paper received by the Court that has not been filed with the Clerk or that fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

**DATED: August 18, 2023**

Hon. Cynthia Bashant
United States District Judge